UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUWAN DEMONE JAMISON,

        Plaintiff,                Case Number: 2:18-cv-13762
                                          HON. GEORGE CARAM STEEH

    v.

K. LINDSEY, ET AL.,

        Defendants.
                                   /

## **ORDER OF SUMMARY DISMISSAL**

**I.    Introduction**

Michigan state prisoner Juwan Demone Jamison has filed a *pro se* complaint under 42 U.S.C. § 1983. He names six defendants. Plaintiff claims that he has been placed in a housing unit with high risk offenders, that he fears for his life and also cannot concentrate in class because of this fear. Plaintiff seeks monetary relief. The Court dismisses Plaintiff's complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

**II.    Standard**

Plaintiff has been granted leave to proceed without prepayment of the

filing fee for this action due to his indigence.  Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)).  While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a

cause of action will not do.'" *Id.* (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).

To state a federal civil rights claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

**III. Discussion**

Plaintiff alleges that he was "placed in a[n] environment of high risk behavior prisoners." Compl. at 5. He "wrote administration and told them I ... fear for my life and I can't concentrate in class to learn around these other inmates." *Id.* He names six defendants: K. Lindsey (warden, G. Robert Cotton Correctional Facility), C. McCumber-Henry (grievance coordinator), C. Blair (facility manager), T. Kisor (assistant deputy warden), B. Johnson (assistant deputy warden), and D. Smith (assistant deputy warden, housing). He asks the Court to award him $35 million in punitive damages, $35 million in compensatory damages, $35 million for nominal

damages, and $35 million for psychological damages.

Inmates have an Eighth Amendment right to personal safety. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To prevail on a personal-safety claim, an inmate must show that he faced a sufficiently serious risk to his health or safety and that the defendant officials acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer*, 511 U.S. at 834). Prison staff must "take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). Although a plaintiff need not demonstrate "that he has been the victim of an actual attack to bring a personal safety claim, he must establish that he reasonably feared such an attack." *Thompson v. County of Medina*, 29 F.3d 238, 242 (6th Cir. 1994). The plaintiff bears the burden of "showing a sufficient inferential connection" between housing assignment and inmate violence to "justify a reasonable fear for personal safety." *Id.* at 242-43.

Here, Plaintiff alleges that he fears for his safety, but he does not allege any facts to demonstrate that the fear is reasonable or from which the Court might infer a particular danger. The fact that Plaintiff spends time in units where there are prisoners with a higher security classification does

not, in and of itself, establish a risk of injury. Under these circumstances, he fails to state a claim upon which relief may be granted.

**IV. Order**

Accordingly, IT IS ORDERED that the complaint is DISMISSED.

The Court finds an appeal in this case would be frivolous and not taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Therefore, Plaintiff is not certified to pursue an appeal from this judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3). Nevertheless, should Plaintiff decide to file a notice of appeal, he may seek leave from the Court of Appeals to proceed on appeal *in forma pauperis. See* Fed. R. Civ. P. 24(a)(5).

Dated: February 21, 2019

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 21, 2019, by electronic and/or ordinary mail and also on Juwan Demone Jamison #845709, G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI 49201.

s/Barbara Radke
Deputy Clerk

---